**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY STOCKER MINA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHESTER COUNTY, *et al.*, <br><br> *Defendants.* <br><hr> ANTHONY STOCKER MINA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, *et al.*, <br><br> *Defendants.* | CIVIL ACTION <br> NOs. 15-05452 <br> 16-01013 |

**PAPPERT, J.**                                                                    **July 28, 2016**

**<u>MEMORANDUM</u>**

Anthony Stocker Mina ("Mina") is an experienced *pro se* litigant in state and federal courts.  In our Court specifically he has filed numerous lawsuits over several years, all of which relate to his disagreement with many state court decisions and allege nefarious conduct and conspiracies by and among judges and employees of the federal judiciary.  Judges are typically named as defendants for making decisions with which Mina disagrees.  In his latest action, *Mina v. United States Eastern District Court of Pennsylvania*, No. 16-cv-01013 (E.D. Pa. Mar. 2, 2016), Mina claims that Chief Judge Petrese B. Tucker ("Chief Judge Tucker") and several Clerk's Office employees failed to provide transcripts of hearings and add parties to his appeal in one case and failed to provide sealed summonses for his amended complaint in another case.

1

The United States of America ("the Government") has filed a Statement of Interest on behalf of judges and Clerk's Office employees in the United States District Court for the Eastern District of Pennsylvania ("the Eastern District").  The Government asks the Court to, among other things, curb Mina's meritless and repetitive actions by enjoining him from filing any further pleadings in four specific cases without leave of Court.  This Memorandum addresses the Government's request and also resolves all pending motions filed by Mina in the two matters currently assigned to the Court.

## I.

Mina has filed eight lawsuits over the span of nearly three years in our Court.  Four of those cases sought relief solely from state court judgments, which is barred under the *Rooker-Feldman* doctrine.  *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) (noting that the *Rooker-Feldman* doctrine "established the principle that federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments"); s*ee also Reardon v. Leason*, 408 F. App'x 551, 553 n.3 (3d Cir. 2010) ("[B]ecause [the plaintiff] is effectively asking the District Court to void a state court conviction, he is barred from doing so under the *Rooker-Feldman* doctrine.") (citation omitted).  Our Court *sua sponte* dismissed each complaint as frivolous.  28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (providing that "[n]otwithstanding any filing fee, or any petition thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted").  Mina appealed each decision and the Third Circuit Court of Appeals affirmed.  *See Mina v. Enet Advertising*, No. 14-mc-00254, 2015 WL 10943831, at *3 (E.D. Pa. Feb. 10, 2015), *aff'd*, 616 F. App'x 49 (3d Cir. 2015); *Mina v. Hogan*, No. 14-mc-00221 (E.D. Pa. Feb. 10, 2015) (order

denying motion for relief from judgment), *aff'd*, 616 F. App'x 483 (3d Cir. 2015); *Mina v. Hogan*, No. 14-mc-00222 (E.D. Pa. Feb. 10, 2015) (order denying motion for relief from judgment), *aff'd*, No. 15-1643 (3d Cir. Sept. 29, 2015); *Mina v. Hogan*, No. 14-mc-00259 (E.D. Pa. Feb. 10, 2015) (order denying motion or relief from judgment), *aff'd*, 616 F. App'x 41 (3d Cir. 2015).  Those suits did not allege any claims against judges or Clerk's Office employees in the Eastern District; Mina's other four actions are however brought against district court judges and employees.

## A.

Mina filed his first suit in federal court, *Mina v. Chester County Court of Common Pleas*, No. 13-cv-07622 (E.D. Pa. Dec. 27, 2013) ("the First Action"), on December 27, 2013.  (ECF No. 1.)  The original Complaint named 41 defendants, including the Court of Common Pleas of Chester County ("Court of Common Pleas"), seven judges and various employees of the Court of Common Pleas, the West Chester Police Department, two public defenders, two newspapers, three private attorneys and a web design company.  (ECF No. 3 at 1–2.)  Mina alleged, *inter-alia*, various civil rights violations and conspiracy claims, all stemming from the handling of his criminal and civil cases in the Court of Common Pleas.  (*Id.* at 138–40.)  The events surrounding the allegations took place between 1996 and 2013.  (*Id.*)

On January 6, 2014, Judge Restrepo granted Mina's Motion to Proceed *in Forma Pauperis*, allotting him thirty days to file an amended complaint and closing the case for statistical purposes.  (ECF No. 2 at 1.)  In his Order, Judge Restrepo noted that federal courts do not have jurisdiction to review a state court decision.  (*Id.* at 2.)  On February 4, 2014, Mina filed both a Motion for Relief from Judgment and an Amended Complaint.  (ECF Nos. 4–5.)  The Motion for Relief from Judgment requested that Common Pleas Court Judge Mark Tunnell's

Order in a state court case be reversed and that the remainder of the action be heard in our Court. (ECF No. 4.)  The Amended Complaint, largely a reflection of the original Complaint, added Judge Restrepo as a defendant.  (ECF No. 5 at 2.)  Mina claimed that Judge Restrepo violated his due process rights by marking the case as closed "without any hearing or discovery."  (*Id.* at 2.) The case was reassigned from Judge Restrepo to Judge Goldberg on February 12, 2014.  (ECF No. 6.)

After the case was transferred to Judge Goldberg, Mina filed four Motions for Relief from Judgment, which mirrored his February 4, 2014 motion.  (ECF Nos. 4, 8, 14, 42.)  On July 21, 2014, Judge Goldberg issued an Order and Opinion dismissing the First Action as frivolous pursuant to 28 U.S.C. Section 1915(e) and revoking Mina's access to the Electronic Document Filing ("ECF") System.  *See Mina v. Chester Cty. Court of Common Pleas*, No. 13-cv-7622, 2014 WL 3639132, at *1–3 (E.D. Pa. July 21, 2014), *aff'd sub nom.*, No. 14-4620, 2016 WL 3743180 (3d Cir. July 13, 2016).

Subsequent to the First Action's dismissal, Mina filed four additional Motions for Relief from Judgment, seeking relief from both state court decisions and Judge Goldberg's decision dismissing the First Action.  (ECF Nos. 48–49, 51, 53.)  Mina also appealed Judge Goldberg's decision, which the Third Circuit affirmed.  *See Mina v. Chester Cty. Court of Common Pleas*, No. 14-4620, 2016 WL 3743180, at *1–2 (3d Cir. July 13, 2016).

**B.**

On October 31, 2014 Mina filed a nearly identical lawsuit against the Chester County Court of Common Pleas and 46 other defendants, including Judges Restrepo and Goldberg.  *See Mina v. Chester County*, No. 14-cv-06261 (E.D. Pa. Oct. 31, 2014) ("the Second Action").  The case was eventually assigned to Judge Smith on November 20, 2014.  (ECF No. 3.)  The

4

Government filed a Statement of Interest on April 23, 2015, which asked the Court to dismiss the claims against Judges Restrepo and Goldberg as legally insufficient.  (ECF No. 23 at 7.)  Mina proceeded to file a "Motion for Defendant to Immediately Compensate Plaintiff" (ECF No. 38) and a Motion for ECF Access.  (ECF No. 39.)  Mina also filed for "default judgment" twice— though had not filed for entry of default—against several of the defendants.  (ECF Nos. 61, 76.)  On July 24, 2015, Judge Smith ordered that the Clerk of Court set aside all of the defaults and prohibit Mina from filing any further requests for default against any of the defendants until further Court order to "abate manifest injustice and forestall further abuse of this court's procedural rules."  (ECF No. 78 at 3.)

Mina filed a Motion for Judge Smith's recusal on August 3, 2015, contending that Judge Smith was "retaliating against" Mina for "exposing the malfeasance" of the defendants.  (ECF No. 83 at 1.)  He also filed three other motions within days of his Motion for Recusal, all of which sought relief from Judge Smith's July 24, 2015 Order.  (ECF Nos. 85–86, 89.)  The Government filed a second Statement of Interest on August 17, 2015, which again urged the Court to dismiss the claims against Judges Restrepo and Goldberg.  (ECF No. 94.)  Mina filed five more motions, including ones seeking sanctions against former Pennsylvania Governor Tom Corbett and reconsideration of Judge Smith's July 24, 2015 Order.  (ECF Nos. 100, 102–105.)  Mina also filed countless motions and notices which, among other things, requested that Judge Smith vacate his July 24, 2015 Order and recuse himself from the case.  (ECF Nos. 114, 116, 120–23, 125–127,129, 131, 135–37, 139–40, 142, 144–54.)

On October 29, 2015 Judge Smith dismissed the case without prejudice for lack of subject matter jurisdiction and denied the remainder of Mina's motions as moot (ECF Nos. 158– 59.)  Mina responded with a slew of motions and notices seeking, among other things, relief

from Judge Smith's October 29 Order.  (ECF Nos. 160–162, 164, 166–67, 169, 171–73, 175–77, 179, 183–84.)  On December 31, 2015, Mina appealed Judge Smith's October 29, November 10 and December 1, 2015 Orders which denied Mina's Motions for Reconsideration and Relief from Judgment, respectively.  (ECF Nos. 185–86.)  Since Mina's appeal, he has filed 16 notices on the docket.  (ECF Nos. 188–89, 191–204.)  His appeal remains pending.

### C.

On October 1, 2015 Mina filed his third complaint against 62 defendants.  *See Mina v. Chester County*, No. 15-cv-05452 (E.D. Pa. Oct. 1, 2015) ("the Third Action").  The case was assigned to Judge Ditter.  All 42 of the defendants named in the First Action, including Judges Restrepo and Goldberg, were also named in the Third Action.  (ECF No. 1 at 1–3.)  Judge Smith and the Eastern District were among the new defendants.  (*Id.* at 3.)  The Complaint alleged the same civil rights violations and conspiracy as those in the First and Second Actions.  (*Id.* at 154–57.)  Mina subsequently filed a Motion for ECF Access on October 7, 2015.  (ECF No. 3.)

On October 26, 2015 several of the defendants who were also named in the Second Action filed a Motion to Stay the Proceedings in the Third Action.  (ECF No. 8.)  Those defendants argued that the complaint in the Third Action was "functionally identical" to the Complaint in the Second Action and that "this matter is a transparent attempt by [Mina] to circumvent the stay on proceedings imposed by Judge Smith [in the Second Action]."  (*Id.* at 3.)

On November 1, 2015 Judge Ditter denied the Motion to Stay Proceedings as moot and dismissed the Complaint for lack of subject matter jurisdiction "consistent with the disposition of the substantially identical complaint filed [in the Second Action] and dismissed by the Honorable Edward G. Smith on October 29, 2015."  (ECF No. 9 at 1.)  Judge Ditter also noted that the filing

of the Complaint in the Third Action was an "attempt to avoid Judge Smith's rulings" and an "impermissible abuse of process that shall not be permitted." (*Id.*)

On November 12, 2015 Mina filed a Motion for Reconsideration of the November 1 Order which Judge Ditter summarily denied on November 16, 2015. (ECF Nos. 10–11.) Mina filed yet another Motion for ECF Access on November 19, 2015. (ECF No. 12.) Without leave of Court, Mina filed an Amended Complaint and named Judge Ditter as a defendant on December 2, 2015. (ECF No. 13.) On December 17, 2015, the case was reassigned from Judge Ditter to this Court. (ECF No. 14.) The same defendants who filed the October 26 Motion to Stay Proceedings filed another such motion. (ECF No. 15.)

On January 25, 2016 Mina filed a Praecipe to Issue Summons, a Motion for ECF Access, a Request for Default Judgment against several defendants, a Motion for Extension of Time to serve the Amended Complaint and a Notice to the defendants that he would be publishing his filings in the case online beginning in February 2016. (ECF Nos. 16–20.) Mina also submitted an Opposition to the Motion to Stay Proceedings and a Preliminary Motion to Compel on March 2, 2016. (ECF Nos. 21–22.)

This Court ruled on all of Mina's pending motions on March 10, 2016. (ECF Nos. 24–27.) The Court denied the Motion to Stay Proceedings as moot in accordance with Judge Ditter's November 3 and 16, 2015 Orders. (ECF No. 24.) The Court also dismissed Mina's Amended Complaint for lack of subject matter jurisdiction consistent with Judge Smith's dismissal of the substantially identical Complaint on October 29, 2015. (*Id.*) Finally, the Court denied all of Mina's January 25, 2016 motions as moot. (ECF Nos. 25–27.)

On March 23, 2015 Mina filed a Motion for Reconsideration of the Court's March 10, 2016 Order (ECF No. 28) and a "Notice to Judge Gerald J. Pappert and the U.S. Eastern District

Court to Get Plaintiff's Case the Fuck Out of Their Court."  (ECF No. 29.)  The Court denied the Motion for Reconsideration on March 30, 2016.  (ECF No. 30.)  Mina filed three more motions on April 11, 2016: a motion for this Court's recusal, a Motion for Relief of Judgment from the March 10 Orders and a Motion for Reconsideration of the March 10 Orders.  (ECF Nos. 31, 33, 35.)  More than two months later, on June 30, 2016, Mina filed another Motion for ECF Access.  (ECF Nos. 37.)  Mina's April 11 and June 30 motions remain pending.

### D.

On October 1, 2015 Mina filed his "Fourth Action" and eighth case overall in the Eastern District.  *See Mina v. U.S. E. Dist. Court of Pa.*, No. 16-cv-01013 (E.D. Pa. Mar. 2, 2016).  This case differs from the First, Second and Third Actions in that Mina's Complaint names as defendants the Eastern District, Chief Judge Tucker and various Clerk's Office employees ("the Federal Defendants").  (ECF No. 1 at 1.)  The Complaint, similar to its predecessors, claims that the Federal Defendants conspired against Mina and failed to properly perform their judicial duties.  (*Id.*)  The Government filed a Statement of Interest on May 6, 2016, seeking to dismiss Mina's Complaint with prejudice and enjoin him from filing any further pleading "against any judge of the United States District Court for the Eastern District of Pennsylvania or any employee of the Clerk's Office for the same Court."  (ECF No. 3 at 1.)  On June 30, 2016, Mina filed a Motion for ECF Access.  (ECF No. 4.)

### II.

Before the Court are Mina's five pending motions in *Mina v. Chester County*, No. 15-cv-05452 (E.D. Pa. Oct. 1, 2015) (ECF Nos. 31, 33, 35, 37) and *Mina v. United States Eastern District Court of Pennsylvania*, No. 16-cv-01013 (E.D. Pa. Mar. 2, 2016) (ECF No. 4), as well as

the Government's Statement of Interest (ECF No. 3) in the latter case.  The Court denies each of

Mina's motions and grants the Government's request for the following reasons.

## III.

### A.

A party may seek to recuse a federal judge on the basis of bias or prejudice under 28

U.S.C. Section 144.  *See Petrossian v. Cole*, 613 F. App'x 109, 122 (3d Cir. 2015) (citation

omitted).  Specifically, 28 U.S.C. Section 455 requires a judge to recuse where his or her

impartiality might reasonably be questioned.  A party's displeasure with legal rulings however

does not form an adequate basis for recusal.  *See Securacomm Consulting, Inc. v. Securacom

Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (citation omitted).  Importantly, "recusal is not required

on the grounds of unsupported, irrational, or highly tenuous speculation." *In re Kokinda*, 581 F.

App'x 160, 161 (3d Cir. 2014) (citation and internal quotation marks omitted).

Mina's most recent recusal motion asks the Court to recuse itself from *Mina v. Chester

County*, No. 15-cv-05452 (E.D. Pa. Oct. 1, 2015) because he named the Court's Civil Deputy,

Katie Furphy ("Furphy"), as a defendant in his most recent action, *Mina v. United States Eastern

District Court of Pennsylvania.*, No. 16-cv-01013 (E.D. Pa. Mar. 2, 2016).  It is unclear from the

Complaint what factual allegations are asserted against Furphy, other than that she emailed Mina

on February 12, 2016 informing him that the Court docketed his filings and has not ruled on his

pending motions.  (ECF No. 1-2 at 8–9.)  Mina's motion follows a long line of other such recusal

motions, *see supra* Part I.B–C, which seek judges' recusals after they rule in a way which

displeases Mina.  Here, the Court dismissed Mina's Amended Complaint for lack of subject

matter jurisdiction in accordance with Judge Smith's disposition and dismissal of the

substantially identical Complaint filed in the Second Action.  (ECF No. 24.)  As Mina's displeasure with the Court's ruling is not a proper basis for recusal, his motion is denied.

## B.

Mina's Motion for Relief of Judgment from the Court's March 10 Orders in *Mina v. Chester County*, No. 15-cv-05452 (E.D. Pa. Oct. 1, 2015) is also denied.  (ECF No. 33.)  While the motion does not clarify under which subsection of Federal Rule of Civil Procedure 60 Mina is entitled to relief, he largely rehashes the same arguments made in all of his previous motions for Relief of Judgment spanning this action and his other actions before our Court.  Rule 60 provides no such relief.  *See Uwalaka v. New Jersey*, 549 F. App'x 69, 70 (3d Cir. 2014) ("Legal error, without more, is not a basis for granting a Rule 60(b) motion.") (citing *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (stating that a litigant moving under Rule 60 must show "extraordinary circumstances" to justify reopening a final judgment).

## C.

Federal Rule of Civil Procedure 59(e) allows parties to file motions for reconsideration. A proper Rule 59(e) motion must be based on either an intervening change in controlling law, the availability of new or previously unavailable evidence, or the need to correct clear error or prevent manifest injustice.  *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  The party seeking reconsideration bears the burden of establishing one of these grounds.  *See Max's Seafood Café ex el. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884

F. Supp. 937, 943 (E.D. Pa. 1995) (citing *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)).

Moreover, "'[a] motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court.'" *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002) (quoting *Tobin v. General Elec. Co.*, No. 95-cv-4003, 1998 WL 31875, at *3 (E.D. Pa. 1998)). Dissatisfaction with a court's ruling is not a proper basis for reconsideration. *See E.E.O.C. v. Dan Lepore & Sons Co.*, 2004 WL 569526, at *2 (E.D. Pa. Mar. 15, 2004) (citations omitted). Mina's Motion for Reconsideration recycles previous arguments, is substantially identical to his Motion for Relief of Judgment discussed *supra* Part III.B. and is largely based on displeasure with the Court's ruling. None of these establishes "the need to correct clear error or prevent manifest injustice." *North Rivers Ins. Co.*, 52 F.3d at 1218.

### D.

Mina's Motions for ECF Access are also denied. Judge Goldberg in *Mina v. Chester County Court of Common Pleas*, No. 13-cv-7622 (E.D. Pa. Dec. 27, 2013) granted Mina access to the ECF System on May 30, 2014 (ECF No. 11) and then revoked it on July 21, 2014. (ECF No. 35). His decision to do so was appealed and affirmed. *See Mina v. Chester Cty. Court of Common Pleas*, No. 13-cv-7622, 2014 WL 3639132, at *1–3 (E.D. Pa. July 21, 2014), *aff'd sub nom.*, No. 14-4620, 2016 WL 3743180 (3d Cir. July 13, 2016).

### E.

### i.

The Court dismisses Mina's Complaint in *Mina v. United States Eastern District Court of Pennsylvania*, No. 16-cv-01013 (E.D. Pa. Mar. 2, 2016) with prejudice. (ECF No. 1.) The

11

Complaint specifically alleges that the Federal Defendants failed to: provide transcripts of

hearings in the Second Action, provide signed and sealed summons for the Amended Complaint

in the Third Action and add parties to the appeal of the Second Action.  (*Id.*)  The Federal

Defendants are entitled to judicial immunity for all claims asserted against them.

A judge acting in the course of his or her judicial duties has absolute immunity from suit.

*See Mireles v. Waco*, 502 U.S. 9, 12 (1991); *see also Shahin v. Darling*, 350 F. App'x 605, 607

(3d Cir. 2009).  Such immunity can be overcome only if the judge acted outside the scope of his

official capacity or in the complete absence of all jurisdiction.  *See Deputy v. Williams*, 318 F.

App'x 133, 136 (3d Cir. 2009).  Clerk's Office employees are also entitled to judicial immunity

in the course of their judicial duties.  That immunity extends to those who perform "quasi-

judicial" functions or discretionary actions at the direction of our Court.  *See Antoine v. Byers &*

*Anderson, Inc.*, 508 U.S. 429, 436 (1993); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d

760, 722–73 (3d Cir. 2000).[1]

### ii.

### a.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive,

groundless, and vexatious litigation."  *Brow v. Farrelly,* 994 F.2d 1027, 1038 (3d Cir. 1993); *see*

*also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).  The "broad scope" of this power is limited

by "two fundamental tenets of our legal system—the litigant's rights to due process and access to

the courts."  *Brow*, 994 F.2d at 1038.  The Third Circuit has held that district courts "must

comply with the following requirements when issuing such prohibitive injunctive orders against

*pro se* litigants."  *Id.*  First, the Court should not restrict a litigant from filing claims "absent

---

[1]  The Third Circuit denied Mina's same requests for a transcript of hearings held in the Second Action and to add parties to the appeal of the Second Action.  *See Mina v. Chester Cty.*, No. 16-1002 (3d Cir. May 2, 2016) (order denying such requests).

exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [] Court." *Brow*, 944 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

### b.

Mina has filed eight actions in our Court, four of which are against judges and Clerk's Office employees in the Eastern District. The First, Second and Third Actions are virtually identical attempts to relitigate Mina's state court cases. *See Day v. Toner*, 549 F. App'x 66, 67 (3d Cir. 2014) (affirming an injunction where four of the *pro se* plaintiff's five lawsuits were dismissed because they were "identical to the lawsuits that the Middle District of Florida previously found to be frivolous") (citation omitted); *see also Danihel v. Office of the President*, No. 14-cv-6880, 2015 WL 1954269, at *2 (E.D. Pa. Apr. 29, 2015), *aff'd sub nom*, No. 15-2458, 2016 WL 54117 (3d Cir. Jan. 5, 2016) (finding a pre-filing injunction appropriate where *pro se* litigant had commenced a second lawsuit in an attempt to relitigate the first). Furthermore, all three of the lawsuits "appear to have lacked merit and have been dismissed." *Bishop v. Dep't of Homeland Sec.*, No. 14-cv-5244, 2015 WL 2125782, at *8 (D.N.J. May 6, 2015), *aff'd sub nom.*, No. 15-2605, 2016 WL 1743491 (3d Cir. May 3, 2016).

Within each of Mina's suits against judges and Clerk's Office employees he has filed countless motions, most of which seek relief from both state and federal court decisions, recusal

of judges and default judgment.  Despite being informed several times that a federal district court does not have jurisdiction to overturn state court decisions, Mina has filed an untold number of Motions for Relief from Judgment, requesting reversal of decisions in his state court cases.  Mina has also filed numerous Motions for Relief from Orders dismissing his suits.  *See Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (affirming a pre-filing injunction where the plaintiff had "relentlessly continue[d] to file repetitive motions *even after his case ha[d] been closed*"); *Danihel*, 2015 WL 1954269, at *2 (finding that the plaintiff's "two dozen requests for relief" after dismissal of his second action weighed in favor of ordering a pre-filing injunction); *see also Robinson v. N.J. Mercer Cty. Vicinage-Family Div.*, 562 F. App'x 145, 148 (3d Cir. 2014) (upholding the district court's decision to enjoin *pro se* plaintiff from "filing any new case, proceeding, motion, or other litigation document without written permission" when he had filed seven motions after the case had been remanded).  Many of Mina's motions have also been deemed meritless.  *See Grossberger*, 535 F. App'x at 86 ("None of [the plaintiff's] repetitious filings have presented a meritorious basis for reopening his case.")

In addition to Mina's meritless and repetitive actions, he frequently sends letters to the Court via fax and email.  Some letters are related to his lawsuits, while others deal with aspects of his personal life.  In a letter dated December 29, 2015, Mina informed the Court that "[t]he odds of my case being randomly dismissed within 4 days of an election, 3 elections in a row is 1 in 753,571."  In his January 15, 2016 letter, Mina stated that he is "not being paid to do police work" and that "wiring your courthouse because I have no choice constitutes involuntary servitude."  Before ending his correspondence, Mina noted that the "FBI has been informed that I am being tortured because of my knowledge of government corruption that includes the unauthorized use of juvenile's sex lives (kiddy porn)."  In a March 15, 2016 email he put the

14

Court on notice that "[r]egardless of your decisions, until I am treated fairly there will always be filings made by me all the way through the Appeals process."  In another email dated July 21, 2016, he informed the Court that both of his "brake line[s]" failed on the Pennsylvania turnpike and that his daughter slipped and fell outside of Harrah's Casino.

While Mina has made it clear that he is dissatisfied with the Court of Common Pleas and our Court's decisions, he has also "established a pattern of groundless and vexatious litigation" that satisfies the first prong of the test laid out in *Brow v. Farrelly*, 994 F.2d at 1038.

The Government's Statement of Interest provided Mina with sufficient notice that such an injunction may be imposed.  Mina has had ample time to respond to the request for an injunction but has not.  *See Gagliardi*, 834 F.2d at 83; *Bishop*, 2015 WL 2125782, at *8 ("Further, regarding the second element of the pre-filing injunction test, Plaintiff has received (1) sufficient notice regarding the possibility of a pre-filing injunction being issued (by way of the Government's motion, properly served on Bishop, requesting such an injunction) and (2) an opportunity to respond (by way of an opposition brief)."); *see also Bush v. Philadelphia Police Dep't*, 387 F. App'x 130, 133 (3d Cir. 2010) ("Generally, the bar should not be imposed by a court without prior notice and some occasion to respond.").

Mina has established a pattern of commencing new suits against judges who have ruled against him.  In his more recent actions, he has also begun to add employees of the Clerk's Office.  As a result of Mina's "continuous pattern of groundless and vexatious litigation," he is enjoined from filing or causing to be filed any pleading, motion or other paper in Civil Action Numbers 13-07622, 14-06261, 15-05452 and 16-01013 or any other new proceeding or action against the United States or any of its agencies or employees without first obtaining leave of Court.  *Gagliardi*, 834 F.2d at 83.

15

Appropriate Orders follow.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.